UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| JOANALLE T. ZUPAN, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 2:17-cv-122-WTL-MJD |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Joanalle T. Zupan requests judicial review of the final decision of the Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Zupan's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The Court, having reviewed the record and the briefs of the parties, rules as follows.

### I. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the decision of the Administrative Law Judge ("ALJ"), the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate her analysis of the evidence in her decision; while she "is not required to address every piece

of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176.

## II. BACKGROUND

Zupan protectively filed for DIB on August 21, 2013, alleging that she became disabled on February 2, 2010. Zupan's application was denied initially and upon reconsideration. Thereafter, Zupan requested a hearing before an ALJ. A video hearing, during which Zupan was represented by counsel, was held by ALJ Lee Lewin on June 18, 2015. An impartial vocational expert ("VE") and an impartial medical expert also appeared and testified at the hearing. The ALJ issued her decision denying Zupan's claim on July 15, 2015. After the Appeals Council denied her request for review, Zupan filed this timely appeal.

## III. THE ALJ'S DECISION

The ALJ determined that Zupan last met the insured status requirements of the Social Security Act on June 30, 2014. The ALJ determined at step one that Zupan did not engage in substantial gainful activity during the period from her alleged onset date of February 2, 2010, through her date last insured of June 30, 2014. At steps two and three, the ALJ concluded that Zupan had the severe impairments of "fibromyalgia, headaches/dizziness, degenerative disc disease of the cervical spine; depression and anxiety (20 CFR 404.1520(c))," Record at 13, but that her impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ determined that Zupan had the following Residual Functional Capacity ("RFC"):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant may not climb ladders, ropes and scaffolds; and she must avoid concentrated exposure to hazards including dangerous moving machinery and unprotected heights. In addition, the claimant has the mental residual functional capacity to remember, understand and carry out short simple instructions for simple routine repetitive tasks; with no fast-

3

paced production rate or strict quota requirements; she can perform simple work related decisions with routine work place changes.

R. at 15. Given this RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Zupan could have performed through the date last insured. Accordingly, the ALJ concluded that Zupan was not disabled as defined by the Act at any time from February 2, 2010, though June 30, 2014.

## IV. EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in the parties' briefs and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V. DISCUSSION

Zupan first argues that the ALJ erred when determining her mental RFC. The Court agrees. The ALJ found that Zupan had moderate limitations in concentration, persistence, and pace. The ALJ's RFC provides, in relevant part, that Zupan "has the mental residual functional capacity to remember, understand and carry out short simple instructions for simple routine repetitive tasks; with no fast-paced production rate or strict quota requirements; she can perform simple work related decisions with routine work place changes." R. at 15.

The ALJ used the following mental limitations in her hypothetical questions to the VE: "this individual could remember, understand, and perform short, simple, instructions for simple, routine, repetitive tasks, with no fast-paced production rate or strict quota requirements. With simple work related decisions and routine work place changes." R. at 92.

The ALJ's RFC assessment and the hypothetical questions posed to the vocational expert "must incorporate all of the claimant's limitations supported by the medical record." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). Among the mental limitations that must

4

be considered are deficiencies in concentration, persistence, and pace. *Id.* The Seventh Circuit has repeatedly held that restricting a claimant who has limitations of concentration, persistence, and pace to "simple, routine tasks" "d[oes] not adequately account for the plaintiff's medical limitations, including an impairment in concentration." *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009); *see also Varga*, 794 F.3d at 814-15 (noting that the Seventh Circuit has "repeatedly rejected the notion that . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace"); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618-19 (7th Cir. 2010) (limiting claimant to "routine, repetitive tasks with simple instructions" did not account for "moderate limitation in concentration, persistence and pace"). Further, the limiting of a claimant to work "free of fast paced production requirements" does not adequately account for limitations to the pace of performance when the ALJ fails to define fast-paced production. *Varga*, 794 F.3d at 815.

The ALJ's question did not account explicitly for Zupan's moderate limitations in concentration, persistence, and pace. Moreover, there is no evidence in the record to suggest that the vocational expert engaged in an independent review of Zupan's medical records. The ALJ's limiting of Zupan to the ability to "remember, understand and carry out short simple instructions for simple routine repetitive tasks" does not relate to limitations in the ability to sustain concentration for extended periods of time. Further, the ALJ failed to define fast-paced production. Accordingly, remand is required.

On remand, the ALJ also should reconsider Zupan's credibility. Specifically, she should consider Zupan's lack of insurance and inability to pay for treatment. She also should resist the temptation to "play doctor" and should pay careful attention to the S.S.R. 12-2p,

5

which recognizes that in cases involving fibromyalgia, testing might not explain weakness, pain, and manipulative issues. Likewise, in questioning Zupan's credibility, the ALJ cited to lack of evidence that Zupan suffered from muscle atrophy, which the ALJ found would exist if Zupan had been as inactive as Zupan claimed to be. The ALJ, however, did not cite to a medical opinion to support this claim. These errors should be corrected on remand.

## VI. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

**SO ORDERED: 3/16/18**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.